IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACOB SPRADLIN,

    **Plaintiff**,

v.                                                                Civil Action No. 3:14cv98
                                                                     (Judge Groh)

**NORTHERN CORRECTIONAL**
**FACILITY,**

    **Defendant**.

## ORDER DISMISSING CASE

On August 28, 2014, the Court received a letter from the *pro se* plaintiff, an inmate at the Northern Correctional Facility in Moundsville, West Virginia, which was construed as a civil rights complaint. Accordingly, a civil rights action pursuant to 42 U.S.C. §1983 was opened on his behalf. The Clerk of Court sent the plaintiff a Notice of Deficient Pleading and enclosed this court's form §1983 Complaint and application to proceed *in forma pauperis* ("IFP"), together with a Prisoner Trust Account Report ("PTAR") and Consent to Collect Fees from Trust Account. The Notice of Deficient Pleading advised the plaintiff that failure to submit the forms within twenty-one days, or by September 18, 2014, would result in dismissal of his case for failure to prosecute.

On September 10, 2014, the plaintiff filed his court-approved form motion for appointed counsel and a copy of his PTAR and Ledger sheets, but no court-approved form motion to proceed IFP or Consent to Collect. On September 17, 2014, plaintiff filed his motion to proceed IFP with the Consent to Collect and an attachment for his earlier-filed motion to appoint counsel.[1]

---

[1] The attachment was merely a sheet of paper that said "atachmement [sic] for motion of court Appointed [sic] attorney" with nothing else. See Dkt.# 9.

1

By separate Orders entered on September 24, 2014, the plaintiff was granted permission to proceed IFP but directed to pay an initial partial filing fee and denied counsel.

On September 30, 2014, Magistrate Judge Seibert reviewed the file and determined that the plaintiff had still not filed the court-approved form §1983 complaint that was sent to him with the Notice of Deficient Pleading. Accordingly, an Order to Show Cause was entered providing the plaintiff with fourteen days, or by October 14, 2014, to show cause why his case should not be dismissed without prejudice.

In response, on October 8, 2014, the plaintiff filed a document drafted on his behalf by an inmate named Roger Persinger but signed by the plaintiff, addressed to the attention of the Clerk of Court, in which he explains that he has a seizure disorder and is dyslexic; apologizes for wasting the Court's time; explains that he did not understand that he would have to pay a fee to file his case; and that his money is used for other purposes, including "hygene [sic] & stamps and medical bills tooken [sic] off of inmates [sic] accounts for sick call, doctor call and Prescriptions [sic] from medical his [sic] seizure medication and other things needed for health wise." He asks that his case be "exspunged [sic] from his record at this time without payment of any kind to the court's because of not understanding what he is doing[.]"

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss any action by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment. A review of the file shows that a complaint has not been served, and no answer or dispositive motion has been filed.

Accordingly, the Court construes the plaintiff's response/motion (Dkt.# 19) as a **Motion to Dismiss** and hereby **DISMISSES** the plaintiff's complaint **WITHOUT PREJUDICE** and **ORDERS** it **STRICKEN** from the active docket of this Court.

By separate Order, the previous Order granting plaintiff IFP status and directing him to pay an initial partial filing fee will be vacated.

**IT IS SO ORDERED.**

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** October 20, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE